UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

THOMAS M. ROGOWSKI,

                                Plaintiff,

                -v-                                                            9:05-CV-392

STATE OF NEW YORK DIVISION OF PAROLE;                  (FJS/GJD)
PATRICIA R. TAPRAN; and VANESSA CLARKE,

                                Defendants.

---

APPEARANCES:

THOMAS M. ROGOWSKI
Plaintiff, *pro se*
94-A-5845
Washington Correctional Facility
P.O. Box 180
72 Lockill Lane
Comstock, New York 12821


GUSTAVE J. DI BIANCO, Magistrate Judge

**ORDER**

      The Clerk has sent to the Court a civil rights complaint, together with an application to proceed *in forma pauperis*, filed by Plaintiff Thomas M. Rogowski ("Plaintiff"), who is currently incarcerated at Washington Correctional Facility. Dkt. Nos. 1, 2.

      In his *pro se* complaint, Plaintiff alleges that during a parole hearing conducted on September 14, 2004, Plaintiff's rights to due process and against self-incrimination under the United States Constitution were violated. Dkt. No. 1 at 4-5. Plaintiff seeks compensatory damages and a

new parole hearing.[1]  As an alternative to a new parole hearing, Plaintiff asks to "be discharged." Plaintiff is advised that his request for an earlier release in not cognizable in this Section 1983 action.[2]  For a more complete statement of Plaintiff's claims, reference is made to the entire complaint.

As to Plaintiff's *in forma pauperis* application, after reviewing the entire file, the Court finds that the Plaintiff may properly proceed with this matter *in forma pauperis*.

WHEREFORE, it is hereby

ORDERED, that Plaintiff's *in forma pauperis* application is granted.[3]  The Clerk shall issue summonses and forward them, along with copies of the complaint, to the United States Marshal for service upon the named defendants.  The Clerk shall forward a copy of the summons and complaint by mail to the Office of the Attorney General for the State of New York, together with a copy of this Order, and it is further

---

[1] The Supreme Court recently ruled that a state prisoner who challenges the constitutionality of state parole procedures is not limited to habeas relief, and may instead bring a § 1983 claim for declaratory and injunctive relief "where success in the action would not necessarily spell immediate or speedier release for the prisoner." *Wilkinson v. Dotson*, __ U.S. __, 125 S.Ct. 1242, 1247 (2005).

[2] A state prisoner seeking to shorten the length of his confinement must bring a petition seeking a writ of habeas corpus, not an action under 42 U.S.C. § 1983. *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973).  Thus, where, as here, an inmate is challenging the fact of his continued confinement due to state administrative action, the only remedy available to him is a by way of a habeas corpus petition. *Preiser*, 411 U.S. at 489-90; *see also Edwards v. Balisok*, 520 U.S. 641 (1997); *Channer v. Mitchell*, 43 F.3d 786, 787 (2d Cir. 1994) ("habeas corpus -- not a § 1983 action -- provides the sole federal remedy where a state prisoner challenges the fact or duration of his imprisonment ....") (citing *Preiser*); *Brazeau v. Travis*, No. 96-CV-0783, 1996 WL 391701 n.2 (N.D.N.Y. July 9, 1996) (Pooler, J.).

[3] Plaintiff should note that although the application to proceed *in forma pauperis* has been granted, Plaintiff will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

ORDERED, that the Clerk provide the Superintendent of the facility, designated by Plaintiff as his current location, with a copy of Plaintiff's authorization form, and notify the official that this action has been filed and that Plaintiff is required to pay the entire statutory filing fee of $150.00 pursuant to 28 U.S.C. § 1915,[4] and it is further

ORDERED, that the Clerk provide a copy of Plaintiff's authorization form to the Financial Deputy of the Clerk's Office, and it is further

ORDERED, that a response to Plaintiff's complaint be filed by the defendants or their counsel as provided for in the Federal Rules of Civil Procedure after service of process on the defendants, and it is further

ORDERED, that all pleadings, motions and other documents relating to this action be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  **Any paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of same was mailed to all opposing parties or their counsel.  Any document received by the Clerk or the Court which does not include a certificate of service showing that a copy was served upon all opposing parties or their attorneys will be returned, without processing.**  Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action.  All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions, which must be returnable before the assigned Magistrate Judge with

---

[4] While the filing fee for civil actions in United States District Courts was increased to $250.00 effective February 7, 2005, since Plaintiff's complaint, *in forma pauperis* application, and authorization form were executed prior to that date, Plaintiff will only be required to pay $150.00 -- the amount of the civil filing fee prior to February 7, 2005.

3

proper allowance for notice as required by the Rules.  **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel of any change in Plaintiff's address; his failure to do same will result in the dismissal of this action.**  All motions will be decided on submitted papers without oral argument unless otherwise ordered by the Court, and it is further

ORDERED, that the Clerk serve a copy of this Order on the Plaintiff.

Dated: May 11, 2005

*[signature]*
Hon. Gustave J. DiBianco
U.S. Magistrate Judge